## Joseph Dehm and Mary Brinkman v. Elizabeth Dehm.

1. GIFTS—*Declarations of Deceased Showing Intention.*—The court holds that in this case the proven declarations of the deceased show an intention to make a gift of the money and note to his daughter, and his actions in having the money deposited in her name and in indorsing and delivering the note to her, make the gift complete.

**Bill in Chancery,** to discover concealed effects.  Appeal from the Circuit Court of Mason County; the Hon. JOHN C. BROADY, Judge, presiding.  Heard in this court at the May term, 1899.  Affirmed.  Opinion filed December 13, 1899.

I. R. BROWN, attorney for appellant.

H. R. NORTHRUP, attorney for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This is a suit in chancery commenced by Joseph Dehm, executor of the will of Herman Utmiller, deceased, and Mary Brinkman, one of the daughters and devisees of Utmiller, to compel Elizabeth Dehm, another daughter and devisee of Utmiller, to discover and turn over to the executor some $1,600 in money, and a promissory note for $700, alleged to be assets of the estate.

Upon a hearing the Circuit Court found for the defendant and dismissed the bill for want of equity.   To reverse the decree entered this appeal is prosecuted.

Appellee claims the note and the money as a gift from

her father.    The evidence in the record shows that the deceased, for several years immediately prior to his death, made his home with appellee, at Havana, Illinois.    He was then between eighty and ninety years of age.    During that time he received from the sale of a farm a considerable sum of money, the $1,600 in question being a part thereof. When the $1,600 was collected he had the same deposited in the Havana National Bank in the name of appellee, and on different occasions afterward spoke of it and treated it as belonging to appellee.    He advised her to loan it or otherwise invest it instead of allowing it to remain idle in the bank.    It was, with his advice and consent, withdrawn from the bank and invested in a lot and a building constructed thereon.    He seemed so anxious for that investment that he promised, if it should be made, to turn over the note in question to appellee to assist in paying for the lot and building, and that he afterward did.

The proven declarations of the deceased show an intention to make a gift of the money and the note (or the proceeds of it) to his daughter, and his actions in having the money deposited in her name, and in indorsing and delivering the note to her, made the gift complete.

The Circuit Court properly found the equities with the defendant, therefore, and the decree will be affirmed.